# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM AVERHART,<br><br>             Plaintiff,<br><br>       v.<br><br>MADRIGAL, et al.,<br><br>             Defendants. | Case No.  1:12-cv-00632-AWI-SAB<br><br>ORDER SCREENING COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF NO. 1 |

**I.**

**INTRODUCTION**

Plaintiff William Averhart ("Plaintiff") is a state prison proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint in this action on April 20, 2012.  (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims.  The Court will dismiss Plaintiff's claims, with leave to amend.

**II.**

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1  legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or
2  that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
3  1915(e)(2)(B).

4        A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
8  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
9  that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
10 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

11       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
12 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
13 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be
14 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
15 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
16 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
17 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
18 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572
19 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

22       The events described in Plaintiff's complaint took place while Plaintiff was incarcerated
23 at Pleasant Valley State Prison in Coalinga, California ("PVSP"). Plaintiff names Madrigal
24 (licensed vocational nurse), Hansen (licensed vocational nurse), Miller (licensed vocational
25 nurse), M. Anderson (registered nurse), C. Martinez (correctional officer), J. Chokatos (doctor)
26 and Does 1-10 as defendants in this action (all defendants collectively referred to as
27 "Defendants").
28 / / /

Plaintiff alleges that Defendant Madrigal acted with deliberate indifference "[b]y not having Plaintiff's serious medication extended until his scheduled appointments with his Primary Care Provider." (Compl. 3.[1]) Plaintiff further alleges that there is an unconstitutional "custom" within the medical department of not scheduling appointments with primary care physicians before inmate medications expire. (Compl. 3.)

On September 15, 2010, Plaintiff's morphine prescription expired. (Compl. 3.) Plaintiff spoke to Madrigal that morning and told her that he was afraid that he may have seizures without his medication or suffer other complications from withdrawal. (Compl. 3-4.) Madrigal told Plaintiff that she spoke with a doctor who said that Plaintiff would have to wait until September 20, 2010, when Plaintiff was scheduled to be seen by his primary care physician, for his medication. (Compl. 4.)

Plaintiff further alleges that he filed health care request forms on September 3, 10 and 13 informing Defendant Anderson about the adverse consequences if his morphine medication was not "bridged." (Compl. 4.)

On September 16 and 17, Plaintiff suffered severe seizures. (Compl. 4.) Plaintiff's morphine was reinstated on September 17 on an emergency basis until his consult with a primary care physician scheduled on September 20. (Compl. 4.)

## IV.

## DISCUSSION

### A.   Eighth Amendment Claims

Plaintiff contends that Defendants violated Plaintiff's rights under the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Second, "a prison

---

[1] Citations to pages in Plaintiff's complaint shall refer to the page numbers as electronically filed in PDF format, not to the page numbers that appear on the document because the pages are inconsistently numbered.

official must have a 'sufficiently culpable state of mind.' [Citations.]  In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id.  A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

"'Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)).  In order to rise to the level of deliberate indifference, plaintiff must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  "[A] mere 'difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference.'" Id. at 1058 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).  "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id. (quoting Jackson, 90 F.3d at 332).

Plaintiff's complaint does not allege facts that demonstrate that Defendants' conduct rose to the level of deliberate indifference.  Plaintiff alleges that Defendant Madrigal failed to extend Plaintiff's prescriptions through the date of Plaintiff's appointment with his primary care physician.  However, Plaintiff does not allege any facts that support the conclusion that Madrigal (a licensed vocational nurse) had the authority to issue prescriptions or extend prescriptions.  Moreover, Plaintiff alleges that Madrigal spoke with Plaintiff's doctor, who told Madrigal that Plaintiff would have to wait until his appointment to renew his prescription.  Such actions do not exhibit deliberate indifference.

Plaintiff alleges that he filed health care request forms on September 3, 10 and 13 and informed Defendant Anderson about the adverse consequences if Plaintiff's medication was not

"bridged." However, Plaintiff fails to allege any facts which suggest that Anderson's response was deliberately indifferent. Plaintiff fails to allege any facts which suggest that Anderson, a registered nurse, had authority to renew Plaintiff's prescriptions. Moreover, Plaintiff fails to allege facts that suggest that Anderson's response was deliberately indifferent in light of the fact that a doctor recommended that Plaintiff wait until his September 20 appointment with his primary care physician before renewing his medications.

Plaintiff also alleges that there is a "custom" within the prison to not schedule appointments with primary care physicians before prescriptions expire. Plaintiff fails to identify any individual prison official responsible for this "custom." Moreover, Plaintiff fails to allege facts that demonstrate that this "custom" was implemented or followed by individuals acting with deliberate indifference toward a known, substantial risk toward inmate health and safety.

Based upon the foregoing, Plaintiff fails to state any claims against any Defendants for the violation of his rights under the Eighth Amendment.

### B.   Individualized Inquiry Into Causation

Plaintiff's complaint fails to allege any specific facts regarding Defendants Hansen, Miller, C. Martinez, J. Chokatos or Does 1-10. Plaintiff does not demonstrate how these individuals violated Plaintiff's rights. Accordingly, Plaintiff fails to state any cognizable claims against these defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

### V.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

///

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, dated April 20, 2012, is dismissed for failure to state a claim upon which relief may be granted;
3. If Plaintiff wishes to amend, he must file an amended complaint within **thirty (30) days** from the date of service of this order; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **September 11, 2013**

UNITED STATES MAGISTRATE JUDGE