# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM AVERHART,<br><br>    Plaintiff,<br><br>    v.<br><br>MADRIGAL, et al.,<br><br>    Defendants. | Case No.  1:12-cv-00632-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF NO. 11<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

**I.**

**INTRODUCTION**

Plaintiff William Averhart ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on April 20, 2012. (ECF No. 1.) The Court screened and dismissed the original complaint on September 11, 2013. (ECF No. 8.) Plaintiff filed the First Amended Complaint on November 4, 2013. (ECF No. 11.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims.

/ / /

/ / /

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

The events described in Plaintiff's complaint took place while Plaintiff was incarcerated at Pleasant Valley State Prison in Coalinga, California ("PVSP"). Plaintiff names Madrigal

1  (licensed vocational nurse), M. Anderson (registered nurse), Miller (licensed vocational nurse), 2  Hansen (licensed vocational nurse), Diaz (registered nurse), J. Chokatos (doctor), and Doe 1 3  (doctor) as defendants in this action (all defendants collectively referred to as "Defendants").

4  Plaintiff alleges that he was seen by Defendant Chokatos on August 18, 2010. (First Am. 5  Compl. 3.)  Chokatos extended Plaintiff's prescription for morphine through September 15, 6  2010. (First Am. Compl. 3.)

7  On September 2, 2010, Plaintiff was told that he would have to submit a Health Care 8  Services Request Form to ensure that his prescription did not run out prior to Plaintiff's next 9  appointment with his doctor. (First Am. Compl. 3.) Plaintiff submitted forms on September 3, 10  10 and 13. (First Am. Compl. 3.) The forms were screened by Defendant Anderson. (First Am. 11  Compl. 4.) Anderson did not forward Plaintiff's forms until September 15, 2010. (First Am. 12  Compl. 4.)

13  Plaintiff informed Anderson that his prescription would expire on September 15 but his 14  appointment with his doctor was not until September 20. (First Am. Compl. 4.) Plaintiff further 15  expressed concerns about experiencing withdrawal if he went without morphine between 16  September 15 and September 20. (First Am. Compl. 4.) Plaintiff did not hear back from 17  Anderson. (First Am. Compl. 4.)

18  Plaintiff made the same complaints to Defendant Madrigal. (First Am. Compl. 4.) 19  Madrigal told Plaintiff that he would discuss the issue with Plaintiff's doctor. (First Am. Compl. 20  4.) Madrigal later told Plaintiff that the doctor on duty refused to extend Plaintiff's prescription 21  through September 20. (First Am. Compl. 4.) Madrigal told Plaintiff there was nothing else she 22  could do. (First Am. Compl. 4.)

23  On September 16, Plaintiff experienced severe pain, muscle aches, spasms, insomnia, 24  diarrhea, vomiting, emotional stress and anxiety. (First Am. Compl. 4.) Plaintiff also had a 25  seizure at around 11:00 p.m. (First Am. Compl. 4.) Plaintiff had a second seizure the next 26  morning. (First Am. Compl. 4.)

27  Plaintiff told Defendant Miller about the seizures and again requested morphine. (First 28  Am. Compl. 5.) Defendants Hansen and Miller both told Plaintiff that narcotic withdrawals and

1 seizures were unrelated issues. (First Am. Compl. 5.) Hansen and Miller told Plaintiff that there
2 was nothing they could do. (First Am. Compl. 5.) Plaintiff requested that they contact a doctor,
3 but was told that there was no doctor on duty. (First Am. Compl. 5.)

4 Later that day, Plaintiff had an appointment with his psychologist, Dr. H. Page. (First
5 Am. Compl. 5.) Dr. Page called several nurses who told Plaintiff that they would not contact the
6 on call doctor, but that Dr. Page could make the call if he wanted. (First Am. Compl. 4-6.) Dr.
7 Page then called Dr. T. Nguyen, who faxed a prescription of morphine which Plaintiff began
8 receiving on September 17, 2010. (First Am. Compl. 6.)

## IV.

## DISCUSSION

### A. Eighth Amendment Claims

Although Plaintiff does not expressly identify the constitutional rights that were violated by Defendants, the allegations concerning his medical treatment implicate Plaintiff's rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments. U.S. Const. amend VII. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.] In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

"'Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th

4

Cir. 2004) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). In order to rise to the level of deliberate indifference, plaintiff must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "[A] mere 'difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference.'" Id. at 1058 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id. (quoting Jackson, 90 F.3d at 332).

Plaintiff's complaint does not allege facts that demonstrate that Defendants' conduct rose to the level of deliberate indifference. Plaintiff does not allege that any individual acted with a "sufficiently culpable state of mind." At most, Plaintiff's allegations show that Defendants were negligent--which is not sufficient to state a claim under Section 1983.

The crux of Plaintiff's complaint is that he should have been given morphine from September 15 through September 17, or that he should have been slowly weaned off morphine. However, Plaintiff does not allege any facts that support the conclusion that any Defendant refused to do so in conscious disregard of an excessive risk to Plaintiff's health or that their actions were medically unacceptable under the circumstances. Accordingly, Plaintiff fails to state any claims against any Defendant for the violation of his rights under the Eighth Amendment.

### B. Dismissal Without Leave to Amend

Generally, leave to amend a dismissed complaint should be granted if it appears at all possible that the plaintiff can correct the defects in the complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). However, leave to amend may be denied when a plaintiff was previously notified of the deficiencies in his claims but did not cure them. See Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

Here, Plaintiff was previously informed of the deficiencies in his claims and his First Amended Complaint failed to cure them. Accordingly, the Court will recommend dismissal of

Plaintiff's First Amended Complaint without leave to amend.

## V.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims.  Moreover, the Court finds that leave to amend should be denied because Plaintiff's claims cannot be cured by granting further leave to amend.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's First Amended Complaint be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 15, 2014**

UNITED STATES MAGISTRATE JUDGE